IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDRE DAVID LEFFEBRE, } | | |
| FCI NO.02897-078, } | | |
|     Plaintiff, } | | |
| } | | |
| v. } | | CIVIL ACTION G-06-150 |
| } | | |
| DANA COTHREN, } | | |
|     Defendant. } | | |

OPINION ON DISMISSAL

Plaintiff Andre David Leffebre, an inmate confined at the United States Penitentiary at Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed the pending suit seeking monetary damages from law enforcement officer Dana Cothren for Plaintiff's alleged wrongful conviction in 2006 for possession of a firearm by a convicted felon. *See United States v. Andre David Leffebre*, No.3:05cr0009 (S.D. Tex. Apr. 4, 2006), *aff'd*, No.06-40498 (5th Cir. 2007). Plaintiff contends that Cothren failed to fingerprint or seek DNA testing of the firearm that was discovered in a field where Plaintiff was arrested, the result of which allegedly deprived Plaintiff of a defense. Plaintiff maintains that had such tests been conducted, he could have proved that he did not possess the firearm. (Docket Entry No.1).

To recover damages for an allegedly unconstitutional conviction or sentence, or for other harm caused by actions whose unlawfulness would render a person's conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of

action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require a plaintiff to prove facts which would imply the unlawfulness of his conviction or confinement. *Id.* at 486.

Here, a judgment in favor of Plaintiff awarding him damages for defendant Cothren's alleged omission implies the invalidity of Plaintiff's conviction. *See Arizona v. Youngblood*, 488 U.S. 51, 57 (1988) (holding that the failure to preserve evidentiary material, of which no more can be said than it could have been subjected to tests the results of which might have exonerated the defendant, violates due process if "a criminal defendant can show bad faith on the part of the police"). Plaintiff's conviction has not been invalidated. In fact, the conviction has been affirmed on appeal and his "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" is pending in federal court. *See United States v. Andre David Leffebre*, No.3:05cr0009 (S.D. Tex.). Moreover, Plaintiff does not assert that the *Heck* requirements have been satisfied; therefore, *Heck* bars him from proceeding with this lawsuit.

Even if the *Heck* bar did not apply, Plaintiff fails to show that Cothren's allegedly unlawful omission caused him an actual, compensable injury. *See Heck*, 512 U.S. 487 n. 7 (noting that actual, compensable injury "does not encompass the 'injury' of being convicted and imprisoned (unless his conviction has been overturned)").

Accordingly, the Court ORDERS this civil rights action be DISMISSED WITHOUT PREJUDICE to plaintiff's ability to pursue his claims through the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. All other pending motions, if any, are DENIED.

SIGNED at Houston, Texas, this 26th day of November, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE